```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

THOMAS DESPART,

               Petitioner,

vs.                                     Case No. 2:05-cv-205-FtM-99SPC

LUCY HADI; CHARLIE CRIST,

               Respondents.
_____

**ORDER**

This matter comes before the Court upon Petitioner's Notice of Appeal (Doc. #29) and Motion for Certificate of Appealability (Doc. #30), filed on February 28, 2007. Petitioner filed his Petition as a convicted state felon being housed at the Florida Civil Commitment Center ("FCCC") while awaiting his Jimmy Ryce civil commitment trial ("Jimmy Ryce Trial") pursuant to Sections 394.910-.931, Florida Statutes (2000). Petitioner sought as relief, *inter alia,* release from confinement from the FCCC prior to his Jimmy Ryce Trial through issuance of a writ of habeas corpus (Doc. #1). The Court, citing Younger v. Harris, 401 U.S. 37 (1971), dismissed the Petition as prematurely filed since Petitioner's Jimmy Ryce Trial had not yet taken place.

On February 14, 2007, Petitioner filed a Motion for Reconsideration (Doc. #27) acknowledging that at the time he filed the Petition he had not yet had Jimmy Ryce trial but advising the Court that he recently did have his trial and was now committed to

the FCCC on October 13, 2006. Petitioner in his Motion for Reconsideration also advised the Court that certain of the grounds raised in his Petition could not be raised on direct appeal because "they were not raised in trial." Further, Petitioner explained that one ground, which he sought to voluntarily dismiss from the Petition, "will be raised on direct appeal." Consequently, the Court denied the Motion for Reconsideration and advised Petitioner that a § 2254 application cannot be granted unless a petitioner has fully exhausted the remedies available in the courts of the State. Additionally, the Court, noting that Petitioner intended to file an appeal on one of the grounds, advised Petitioner that he was required to raise all grounds available for relief in a single petition.

On April 24, 1996, the President signed into law amendments to 28 U.S.C. §§ 2244, 2253, 2254, 2255, Appellate Rule 22, and 21 U.S.C. § 848(q). As a result, this Court should grant an application for a certificate of appealability only if the Petitioner makes a substantial showing of the denial of a constitutional right. To make this substantial showing, Petitioner "must demonstrate that the issues are debatable among jurists of reason" or "that a court could resolve the issues [differently]." Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983) (citation omitted). In addition, Petitioner could show "the questions are adequate to deserve encouragement to proceed further." Id.

Specifically, where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack v. McDaniel, 529 U.S. 473, 484 (2000); Hernandez v. Johnson, 213 F.3d 243, 248 (5th Cir.), cert. denied, 531 U.S. 966 (2000).  When the district court has rejected a claim on procedural grounds, the petitioner must show that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack, 529 U.S. at 484; Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000) (*per curiam*), cert. denied, 532 U.S. 1009 (2001).  Here, the Court dismissed the Petition as prematurely filed and finds that Petitioner has not made the requisite showing to warrant the issuance of a certificate of appealability .

ACCORDINGLY, it is hereby

**ORDERED**:

Petitioner's Motion for Certificate of Appealability (Doc. #30) is **DENIED.**

**DONE AND ORDERED** in Fort Myers, Florida, on this __2nd__ day of March, 2007.

JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record